UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:25-cv-03454-AB-AJR | Date: | February 26, 2026 |
|---|---|---|---|

| Title: | *Tiffany Cummings v. Autozoners LLC, et. al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 10]**

Before the Court is Plaintiff Tiffany Cumming's ("Plaintiff") Motion for Remand. Mot. Dkt. No. 10. Defendants Autozoners, LLC, Autozone Inc., Mario Reyes, Vince Avina, Jeremy Johnson, Elvia Aguilera, and Does 1 through 50, inclusive, (collectively, "Defendants") filed an Opposition (Opp'n, Dkt. No. 14) and Plaintiff filed a reply (Reply, Dkt. No. 15).   The Court resolves the Motion without oral argument and therefore **VACATES** the hearing set for February 27, 2026. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15.   For the following reasons, the Motion for Remand is **GRANTED**.

## I.    BACKGROUND

Plaintiff filed this action on October 28, 2025 in Riverside County Superior Court related to her employment and termination from Defendants Autozoners, LLC and Autozone Inc. Notice of Removal, Ex. A, "Compl.,"   Dkt. No. 1. Plaintiff sued Defendants alleging several claims of disability discrimination, pregnancy

discrimination, retaliation, and other violations of state labor laws.   Compl., at 1.[1] Notably, Plaintiff aims to hold Defendant Reyes, the store manager of the location where she worked, and Defendant Avina, the district manager for the location where she worked, individually liable for violations of the California labor laws.   Compl. ¶¶ 6-7.

Defendants removed the action based on diversity jurisdiction by arguing, in part, that Defendants Reyes and Avina are "sham" defendants whose citizenship should be disregarded. Notice of Removal at 3-5. Defendants did not contest Plaintiff's assertion that Defendants Reyes and Avina are, like Plaintiff, California citizens. *Id*. Rather, Defendants argued the Court should disregard their citizenship because Plaintiff could not possibly raise a claim against them. *Id.* By disregarding Defendants Reyes and Avina, the Court would have diversity jurisdiction because Plaintiff and the remaining Defendants are completely diverse.

Plaintiff now moves for remand, arguing Defendants Reyes and Avina are not "sham" defendants who can be disregarded. Mot. at 6-9. Under Plaintiff's argument, the Parties would not be diverse, divesting this Court of jurisdiction. *Id.* Plaintiff also seeks to recover her attorneys' fees in pursuing this action. *Id*. at 10-11.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441(a) ("Section 1441"), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001);

---

[1]  Page citations for the Complaint refer to the in-document page citations, not the page citations for Exhibit A to the Notice of Removal.

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not imply any intent to deceive on the part of a plaintiff or his counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd* 710 F.2d 549 (9th Cir. 1983), *impliedly overruled on other grounds in Milkovich v. Lorain Journal Co.,* 497 U.S. 1 (1990). The relevant inquiry is whether the plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is "obvious according to the settled rules of the state." *McCabe*, 811 F.2d at 1339 (emphasis added); *see also Morris*, 236 F.3d at 1067.

Moreover, "[b]ecause the court must resolve all doubts against removal, we employ a presumption against fraudulent joinder." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117-1118 (N.D. Cal. 2002) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, "the court must resolve all material ambiguities in state law in plaintiff's favor," and "[w]hen there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Id.*; *accord Briano v. Conseco Life Ins. Co.,* 126 F. Supp. 2d 1293, 1297 (C.D. Cal. 2000).

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (brackets in original); *Macey*, 220 F. Supp. 2d at 1117 ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210 at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original).

In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant. This is because "'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing with approval *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-574 (5th Cir. 2004) (en banc)).

The removal statute is "strictly construe[d] against removal jurisdiction." *Gaus*, 980 F.2d at 566. Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.    DISCUSSION

The principal issue is whether Defendant Reyes and Avina are "sham" defendants. The Court agrees with Plaintiff that Defendants have not met their burden in demonstrating Defendants Reyes and Avina are "sham" defendants.

The Complaint alleges that Defendants Avina and Reyes are individually liable under the California Labor Code. Compl. ¶¶ 211-256. Under Section 558.1, "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Cal. Lab. Code § 558.1(a). An "other person acting on behalf of an employer" is limited to "a natural person who is an owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1(b). A "managing agent," as defined by California Civil Code § 3294(b), is an individual who exercises "substantial independent authority and judgement in their corporate decision-making so that their decisions ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal.4th 563, 566-67 (1999). Whether an individual is a managing agent is a factual question determined on a case-by-case basis. *Id*. at 567.

The Parties dispute whether Defendants Avina and Reyes could be considered managing agents. Plaintiff need only meet the low standard of demonstrating *any* possibility that Defendants Avina and Reyes could be held liable as managing agents. *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The Court, in construing the facts most favorable to the Plaintiff, must remand the action if there is a possibility that Plaintiff could recover against Defendants Reyes and Avina. This holds true even if recovery is only possible if Plaintiff amended her Complaint to cure any deficiencies. So long as there exists a "mere glimmer" or "non-fanciful" possibility that Plaintiffs can demonstrate Defendants Avina and Reyes are managing agents, the case must be remanded. *Gonzalez*, 2013 WL 100210 at *4.

Conversely, Defendants have the much heavier burden of showing by "clear and convincing evidence" that there is *no* possibility Defendants Reyes and Avina could be considered managing agents. *Iniguez v. OnTrac Logistics, Inc.*, 2025 WL 1077135 at *2 (N.D. Cal. Apr. 10, 2025). Defendants must also show that, even if Plaintiff amended her Complaint to fix any deficiencies, there would be no possibility of recovery against Defendants Reyes and Avina. *Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817 at *2 (C.D. Cal. Dec. 1, 2020).

In her Complaint, Plaintiff states that that "upon information and belief" both Defendants Reyes and Avina were managing agents within the meaning of California Civil Code § 3294(b). Compl. at ¶¶ 6-7. Plaintiff also alleges that both Defendants Reyes and Avina had "substantial independent authority that affected company policies and day-to-day operations." *Id.* For instance, Defendants Reyes and Avina's decisions affected "company policies and practices pertaining to meal breaks, rest breaks, minimum wage payments, overtime payments, timely payment, and itemized wage statements." *Id.* Moreover, both were "personally involved in the purported violations of one or more of the enumerated provisions[.]" *Id.*

These statements are sufficient to meet Plaintiff's low burden. *See also Iniguez*, 2025 WL 1077135 at *2 (finding nearly identical language to be sufficient). While these conclusory statements are by no means demonstrative of strong pleadings, indeed it is not clear that Plaintiff's pleadings would meet the 12(b)(6) standard, they do meet the significantly lower threshold for remand. *See Lopez v. United Parcel Serv.*, 2025 WL 2602282 at *4 (C.D. Cal. Sep. 8, 2025) (highlighting holdings from the Central District of California that, even if plaintiff's pleadings do not meet the 12(b)(6) standard, allegations may still be sufficient to justify remand). On this record, the Court cannot conclude that it is impossible for Plaintiff to amend her pleadings and allege facts that could lead a court to conclude Defendants Reyes and Avina are managing agents. *Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817 at *2 (C.D. Cal. Dec. 1, 2020) ("While it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff to rectify the deficiencies in an amended complaint.").

Plaintiff's position is further supported by holdings from California state courts that some individuals in managerial or supervisory roles may qualify as "managing agents." *See, e.g., White v. Ultramar, Inc.*, 21 Cal.4th 563, 577 (1999) (concluding that a zone manager who managed eight retail stores and sixty-five employees was a "managing agent" because of the zone manager's discretionary authority); *Hobbs v. Bateman Eichler, Hill Richards, Inc.*, 164 Cal.App.3d 174, 193

(Cal. Ct. App. 1985) (finding the manager of a single branch of office of a securities brokerage firm was a managing agent because he was responsible for supervision of the office's 8,000 accounts); *Colucci v. T-Mobile USA, Inc.*, 48 Cal.App.5th 442, 451-53 (Cal. Ct. App. 2020) (affirming a jury's finding that a district manager, responsible for nine retail stores and one hundred employees, qualified as a "managing agent").

Defendants, however, contend there is *no* possibility Defendant Reyes and Avina could be "managing agents." In support of their position, Defendants provided the job descriptions for a district manager and store manager, the AutoZone store handbook, and declarations from Defendants Reyes, Defendant Avina, and Ms. Lorena Casson, the Divisional Human Resources Manager by Autozoners, LLC. *See* Opp'n, Ex. 1, Ex. 2, Ex. 3, Ex. 4, Decl. of Mario Reyes, Decl. of Vincent Avina, & Decl. of Lorena Casson. However, the documents, at most, suggest it is unlikely that Defendants Reyes and Avina are "managing agents," not that it is impossible.

Defendants further argue that Defendants Reyes and Avina were obligated to "follow and apply company policies, not set them." Opp'n at 11. However, it remains possible that, in enforcing company policies, Defendants Reyes and Avina exercised discretion that made them "managing agents" under the § 3294(b). To the extent that Defendants and Plaintiff disagree as to whether Defendants Reyes and Avina had that level of discretion, the Court construes questions of facts in favor of the Plaintiff and in favor of remand. *Macey*, 220 F.Supp.2d at 1117. In sum, while Defendants have certainly demonstrated that it may be challenging for Plaintiff to prove that Defendants Reyes and Avina are "managing agents," they have not demonstrated it is not possible.

Based on the record before it, the Court concludes that Plaintiff has demonstrated a possibility she may recover against Defendants Reyes and Avina. Accordingly, the Court finds it has no subject matter jurisdiction and **GRANTS** Plaintiff's Motion to Remand.

Finally, the Court denies Plaintiff's request for attorney's fees as sanctions. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court does not find Defendant's basis for removal was unreasonable. Plaintiff's request for fees is **DENIED**. Each side will bear its own costs and fees in connection with the removal and remand proceedings.

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

**IT IS SO ORDERED**.